COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:       In the Interest of K.L.W., A Child

Appellate case number:    01-18-00485-CV

Trial court case number:   2017-02559J

Trial court:             314th District Court of Harris County

On March 4, 2019, appellants R.D.W. and B.B.C. filed a pro se combined "Plea to the Jurisdiction," "Motion for Stay of Mandate," and "Motion to Withdraw Judgment and Dismiss Appeal for Want of Jurisdiction" in this case, the Supreme Court of Texas, and the trial court. This Court's judgment was issued on December 5, 2018, appellants' motion for rehearing and motion for en banc reconsideration were denied on December 20, 2018, and their petitions for review were denied on February 15, 2019.

Under Rule 18.2, "[a] party may move to stay issuance of the mandate pending the United States Supreme Court's disposition of a petition for writ of certiorari" if this Court "finds that the grounds are substantial and that the petitioner or others would incur serious hardship from the mandate's issuance if the United States Supreme Court were later to reverse the judgment." However, appellants' "Motion for Stay of Mandate" indicates that they mailed a motion for rehearing of the denial of their petition for review to the Texas Supreme Court on March 1, 2019, which was filed on March 5, 2019. *See In the Interest of K.L.W.*, No. 18-1217 (Tex. Mar. 5, 2019). The timeline for the Clerk of this Court to issue the mandate does not start until ten days after the time has expired for filing an extension for motion for rehearing. *See* TEX. R. APP. P. 18.1(a)(2). Thus, appellants' "Motion for Stay of Mandate" is premature and is denied without prejudice to refiling after the Texas Supreme Court rules on the motion for rehearing.

In any event, this Court lacks jurisdiction to consider appellants' "Plea to the Jurisdiction" and "Motion to Withdraw Judgment and Dismiss Appeal for Want of Jurisdiction" because its plenary power has expired. This Court's plenary power expired 30 days after it denied appellants' motion for en banc reconsideration on December 20, 2018. *See* TEX. R. APP. P. 19.1(b). After the expiration of its plenary power, this Court

cannot vacate or modify its judgment and Rule 19.3 limits this Court to items such as correcting clerical errors in its judgment/opinion. *See* TEX. R. APP. P. 19.3(a)-(d). Because appellants' "Plea to the Jurisdiction" and "Motion to Withdraw Judgment and Dismiss Appeal for Want of Jurisdiction" do not fall under one of the permitted post-plenary power items under Rule 19.3, they must be dismissed.

Accordingly, appellants' "Motion for Stay of Mandate" is **denied without prejudice** to refiling after the Texas Supreme Court rules on their motion for rehearing, but their "Plea to the Jurisdiction" and "Motion to Withdraw Judgment and Dismiss Appeal for Want of Jurisdiction" Motion to Obtain Records" are **dismissed** for lack of jurisdiction.

It is so ORDERED.
Judge's signature: ____/s/ Justice Laura C. Higley_____
                          x  Acting individually ☐ Acting for the Panel
Date: ____March 12, 2019____